UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 05-61635-CIV-MORENO

VELVA TURNER, through her Plenary Guardian,
ROAN SMITH, PATRICIA WARE, KAREN
MCNAIR, and GISELE BIEN-AIME

    Plaintiffs,

vs.

THE CITY OF FORT LAUDERDALE,

    Defendant.
_____/

## ORDER DENYING PLAINTIFFS' MOTION TO RECUSE UNDER 28 U.S.C. § 455 AND 28 U.S.C. § 144

Plaintiffs seek to recuse Judge Ungaro from presiding over what is left of this case. Notably, this case is closed and Judge Ungaro recently denied Plaintiffs' motion to enforce the terms of the parties' settlement. The basis of the recusal motion is Judge Ungaro's involvement as a <u>plaintiff</u> in *Ungaro-Benages v. Dresdner Bank AG*, 379 F.3d 1227 (11th Cir. 2004). Plaintiffs argue that because Judge Ungaro was unsuccessful as a plaintiff in that case, where she sought to vindicate certain property rights, she is biased against the plaintiffs in this case. The idea that a judge, who was also a losing plaintiff, would always rule for defendants in totally unrelated proceedings is legally insufficient. Moreover, this post-judgment motion to recuse is simply a veiled attempt at judge-shopping because Plaintiffs got an adverse ruling on their motion to enforce the settlement and are now seeking reconsideration of that ruling.

THE COURT has considered the motion, response and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

ADJUDGED that Plaintiffs' Motion to Recuse (D.E. No. 109) filed on **June 11, 2008** is DENIED.

## I. Background

Plaintiffs in this action brought suit against the City of Fort Lauderdale for alleged constitutional violations. Namely, the claim was that the City engaged in a massive code sweep of Plaintiffs' area and fined Plaintiffs for code violations. When fines were not paid, the City placed liens on the properties and ultimately, in some cases, foreclosure actions commenced. *See e.g., City of Fort Lauderdale v. Hezzekiah Scott*, Case No. 08-60777-CIV-ALTONAGA. The parties settled this action on February 3, 2007 and on February 10, 2007, Judge Ungaro entered an order of dismissal with prejudice. On May 22, 2008, Plaintiffs filed a motion to enforce the settlement and impose sanctions on the Defendant City. Judge Ungaro denied the motion on May 28, 2008 and declined to impose sanctions. On June 11, 2008, Plaintiffs filed this motion to recuse, and a motion for reconsideration of Judge Ungaro's May 28, 2008 order.

Also pertinent to the resolution of this motion, the Court notes that Judge Ungaro was a plaintiff in a case where she sought restitution for property taken from her relatives by the Nazi German government prior to and during World War II. On appeal, the Eleventh Circuit in 2004 upheld the lower court's ruling of summary judgment entered against the plaintiff, Judge Ungaro. *Ungaro-Benages v. Dresdner Bank AG*, 379 F.3d 1227 (11th Cir. 2004).

## II. Legal Analysis

A. *Motion to Recuse under 28 U.S.C. § 144*

A Motion to Recuse filed under 28 U.S.C. § 144 is aimed at recusing a judge for actual bias, as well as the appearance of impropriety. The section requires a party's timely affidavit, which must

-2-

be submitted along with counsel's additional certification of good faith. Section 144 reads as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C.§ 144. In determining whether recusal is appropriate, therefore, the Court must first determine whether the following three elements have been met: (1) whether a party has made and timely filed an affidavit; (2) whether the affidavit is accompanied by a good faith certificate of counsel; and (3) whether the affidavit is legally sufficient. *Parrish v. Bd. of Comm'rs of the Ala. State Bar*, 524 F.2d 98, 100 (5th Cir. 1975) (en banc).

After reviewing the affidavit, the Court concludes that it fails to comply with all three of the statute's requirements. Plaintiffs in this case filed the affidavit of Hezzekiah Scott, who is the Defendant in a foreclosure action in front of Judge Altonaga, not Judge Ungaro. In this case, Hezzekiah Scott is not a named party; she is a "putative class member," of a class that was never certified. Moreoever, the affidavit was not accompanied by a certificate of counsel of record stating the affidavit was made in good faith. Finally, the affidavit is untimely. Judge Ungaro's appeal ended in 2004 and this action was filed over a year later. Judge Ungaro presided over this case for over a

year and a half and Plaintiffs never moved to recuse her during that time. Judge Ungaro dismissed this case on February 10, 2007 and over a year later Plaintiffs decided to file a motion to recuse on June 11, 2008. Courts have construed the timeliness requirement of 28 U.S.C. § 144 to demand that a party raise the disqualification issue at the earliest moment after discovery of the facts supporting recusal. *See United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (holding motion for recusal filed weeks after conclusion of trial was untimely, absent a showing of good cause for tardiness); *Bravo Santiago v. Ford Motor Co.*, 206 F. Supp. 2d 294, 298 (D.P.R. 2002) ("a judge should be less inclined to grant a recusal when the movant has waited until the last possible moment to bring up the recusal. Such a tactic must necessarily be looked at through the glass of cynical suspicion"). Certainly, the affidavit in this case, filed over one year after the case was dismissed, is untimely under the statute's strict requirements. The motion's timing suggests that Plaintiffs are merely dissatisfied with Judge Ungaro's last ruling and not legitimately concerned about bias. In addition, Plaintiffs have not provided any reason, much less good cause, to show why they waited years to file the motion.

Putting aside the affidavit's procedural deficiencies, the allegations of bias raised in the affidavit are purely ridiculous. To be legally sufficient, an affidavit must state with particularity material facts that, if true, would convince a reasonable person that a personal, rather than judicial, bias exists against the party or in favor of the adverse party. *United States v. Spuza*, 194 Fed. Appx. 671, 676 (11th Cir. 2006); *Phillips v. Joint Legislature Comm.*, 637 F.2d 1014, 1019 (5th Cir. Unit A Feb. 1981). Bias or prejudice, whether extrajudicial or intrajudicial, "connote[s] a favorable or unfavorable disposition or opinion that is somehow wrongful or inappropriate, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess . . . or because

it is excessive in degree . . . ." *Liteky v. United States*, 510 U.S. 540, 550 (1994).  Nothing in Scott's affidavit would convince a "reasonable" person that Judge Ungaro has a resulting bias against Plaintiffs due to her own personal lawsuit.  In reading the affidavit, the Court cannot discern how Plaintiffs can even suggest that Judge Ungaro's involvement in her lawsuit would lead her to have an "unfavorable disposition" against plaintiffs alleging a deprivation of property rights. To so hold would mean that Judge Ungaro would not be able to adjudicate any cases involving property rights. Surely, a reasonable person would not conclude that Judge Ungaro's mere involvement in a lawsuit would result in a bias that is somehow "wrongful or inappropriate." Accordingly, the Court finds the affidavit legally insufficient.

B. *Motion to Recuse under 28 U.S.C. § 455*

Section 455 requires a district judge to recuse "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1329 (11th Cir. 2002).   In *Thomas,* the Eleventh Circuit stated:

> Under § 455, the standard is whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality.  Furthermore, the general rule is that bias sufficient to disqualify a judge must stem from extrajudicial sources.

*Id.*  That Judge Ungaro filed a complaint and lost that case is clearly insufficient to meet the § 455 standard that a lay observer would harbor "significant doubt" about her impartiality.  A complaint about Judge Ungaro's ruling is insufficient under this standard to require recusal. *Liteky*, 510 U.S. at 555 ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). Moreover, there are no allegations that Judge Ungaro made any inflammatory remarks.

The Court thus finds that Judge Ungaro's mere involvement in a totally unrelated lawsuit is insufficient to warrant recusal.  Consistent with *Liteky*, the allegations here fail to justify recusal because there is a total absence of any evidence indicating that the court displayed "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* at 555.  Accordingly, the Court denies Plaintiffs' motion to recuse under 28 U.S.C. § 455.

DONE AND ORDERED in Chambers at Miami, Florida, this 20th day of June, 2008.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record